# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

## MACHIR v. SEHON, SHERIFF, et al.

### Decided April 19, 1879.

1. It is not contemplated by the act of the Legislature, being §5 of ch. 132 of the Code of 1868, under which a proceeding by notice and motion may be had for the removal of a trustee for refusing to act, and a new trustee appointed by the circuit court, that the trustee shall be removed as having "refused to act," if it appears from the whole evidence that it was inequitable for him to do the particular act demanded of him, the failure to do which is made the ground for the motion for his removal.

2. It is not contemplated by the said act of the Legislature that on a notice and motion thereunder to remove an old trustee for refusing to act, and appointing another in his stead, it should be finally adjudicated and settled, whether the trust debt has been paid or not, or whether it has been assigned or not, or to settle and adjudicate anything finally between the trust-creditor, named in the deed of trust, and his assignee or assignees, or between any of them and the trust-debtor or debtors. That more properly belongs to a court of equity upon bill, or in other proper proceeding, where such matters may be put in issue and more satisfactorily enquired into.

3. A case where it was held the court erred in rejecting evidence offered by a defendant upon a motion to remove a trustee for refusing "to act," and to appoint a new trustee. See opinion of Court.

Appeal from and *supersedeas* to a judgment of the circuit court of Mason county, rendered on the 22d day of April, 1876, in a certain motion in said court then pending, wherein William H. Machir was plaintiff, and C. Sehon, sheriff of Mason county and administrator of the estate of Joseph S. Machir, and Harriet Machir

1879
Special Term.

| 14 | 777 |
| 55 | 376 |
| 14 | 777 |
| 58 | 569 |
| 14 | 777 |
| 61 | 594 |

98

and John W. English were defendants, allowed on the petition of said Harriet Machir.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the judgment appealed from.

The facts of the case fully appear in the opinion of the Court.

*John W. English,* for appellant, cited the following authorities:

Code, p. 743, §6; 9 W. Va. 471; 19 Gratt. 616; *Id.* 592; Code, ch. 132, §5; 25 Gratt. 453.

*Tomlinson & Polsley,* for appellee.

HAYMOND, JUDGE, delivered the opinion of the Court:

This is a notice and motion to appoint a trustee in the place of John W. English, who is the trustee named in a deed of trust executed by Joseph S. Machir, deceased, Harriet Machir, his wife, and Philip A. Machir, trustee for said Harriet Machir, acting by Joseph S. Machir, his atttorney in fact, bearing date the 13th day of July, 1868, and recorded in the clerk's office of Mason county court, given upon lands in said county to secure the payment of the sum of a bond drawn by the said Joseph S. bearing date April 25, 1868, and payable to William H. Machir, or order, for the sum of $1,875.00, two years after date without interest, upon the ground that said John W. English, trustee as aforesaid, has refused to act. The notice is to C. Sehon, sheriff of Mason county, and administrator of the estate of Joseph S. Machir, deceased, Harriet Machir, Philip A. Machir, trustee for Harriet Machir, and John W. English. The notice is that on the 21st day of April, 1876, the plaintiff, said William H. Machir, would move the circuit court of said county of Mason to appoint such trustee, in lieu of the said English.

1879.
Special Term.

Machir
v.
Sehon, Sheriff,
et al.

It appears that on the 21st day of April, 1876, at a circuit court held in and for said county of Mason, the said court made and entered the following order in the cause viz : "This day came as well the said William H. Machir, by Tomlinson & Polsley his counsel, as the said Harriet Machir, by John W. English her counsel, and it appearing to the court that said Harriet Machir, John W. English, C. Sehon, administrator of the estate of Joseph S. Machir deceased, and Philip A. Machir, trustee for said Harriet Machir, have each and all had ten days notice, the said William H. Machir, by his said counsel, moved the court to appoint a trustee in the place of John W. English, the trustee named in a certain deed of trust executed by the said Joseph S. Machir, deceased, Harriet Machir, his wife, and said Philip A. Machir, trustee for said Harriet Machir, acting by Joseph S. Machir, his attorney in fact, bearing date on the 13th day of July, 1868, and duly recorded in the clerk's office of Mason county court (then recorder's office) in deed-book No. 21, page 338, &c., because the said John W. English, the trustee in said deed of trust, has refused to act, which motion was resisted by the said Harriet, and said motion was argued by counsel, and the court takes time to consider thereof."

And afterwards on the 22d day of April, 1876, and during the same term of said court, the court made and entered in the cause the following order and decree, viz : "This day came again the parties, by their counsel, and it appearing to the court from the admissions made in open court of the said John W. English, the trustee named in the said deed of trust, that he had refused to act and execute the said deed of trust, and the court upon mature consideration is of opinion, and doth accordingly adjudge, order and decree, that the said John W. English, the trustee named in the said deed of trust, be and he is now removed, because of his refusal to act; and it is further ordered that James H. Couch, Jr., be and he is hereby appointed as trustee in the room, place and

1879
Special Term.

Machir
v.
Sehon, Sheriff,
et al.

stead of the said John W. English, the trustee named in the deed of trust aforesaid; and the said James H. Couch, Jr., is substituted to all the rights, powers, duties and responsibilities of the said John W. English, the trustee named in said deed of trust as aforesaid. It is further considered by the court that the said Wm. H. Machir recover his costs by him about his motion in this behalf expended from the said Harriet Machir."

It further appears that upon the trial of said motion, the defendant, Harriet Machir, tendered a bill of exceptions to the ruling of the court, which exceptions were signed, sealed and saved to her and ordered to be made a part of the record in this proceeding. And by the said bill of exceptions it appears that it was admitted "by the said John W. English that he had been served with reasonable notice requiring him to proceed to sell under the deed of trust in the notice described, and that he refused to make sale under said deed, because he had demanded from the attorney of said Wiliam H. Machir the bond secured by the said trust-deed, and it had not been produced, but said attorney referred him to the deed of trust on record, and insisted that it had not been paid. And the said Harriet Machir having been served with notice as required by law of the intention to make said motion, this day appeared in court, and by her counsel, by way of resistance to said motion, offered to produce in evidence the identical bond secured by said deed of trust, or what she claimed was the identical bond secured thereby, and also to show that said bond had been assigned by the said William H. Machir to one John Hall, and by said John Hall to one S. H. Burnap, and that said bond has been fully paid off and discharged by Joseph S. Machir, the obligor in said bond, and the said William H. Machir had no interest in said bond or deed of trust; but the court refused to hear any evidence in reference to the assignment of said bond or its payment, or to allow said bond to be produced in evidence to show that it had beed paid off and discharged; and the

court refused to hear evidence as to where and in whose possesion said bond was found. To which ruling of the court defendant, Harriet Machir, by her counsel, excepted, which exceptions were signed, sealed, &c.

The defendant, Harriet Machir, has obtained from this Court upon her petition an appeal from and *supersedeas* to the said order and decree of said circuit court appointing a trustee in the room of said English, and assigned in her said petition as errors in the said order and decree the following; "First. The court erred in refusing to permit the defendant, Harriet Machir, to show that said Wm. H. Machir had assigned the bond secured by said trust to a third party, and that said William H. Machir for that reason had no interest in the execution of said trust, and as a matter of course no power or authority to require a sale under the trust. Second. The court erred in refusing to allow the defendant, Harriet Machir, to show that said bond had been fully paid off by Joseph S. Machir, the obligor, and that she was entitled for that reason to a release of said trust." No other errors are assigned or relied on in argument before us.

The notice and motion in this case are based upon the 5th section of chapter 132 of the Code of 1868 of this State.

I will for convenience consider both assignments of error together. Before proceeding to consider the act of the Legislature under which the proceeding is had, I deem it proper, and indeed necessary, to a proper construction of the purposes, true intent and meaning of the act of the Legislature, to ascertain in some degree the principles governing courts of equity in like cases.

Syllabus 1.

Courts of equity by virtue of their general chancery powers have jurisdiction by bill or petition, to accept the resignation of trustees or to remove them for cause, and to appoint new trustees. Proceedings are generally commenced in such cases directly for the removal or appointment of trustees; but when a bill or petition is

already pending for the administration of the trust, the appointment or removal may be made upon motion in these proceedings. Perry on Trust, 2d ed. §280 page 355; also §282 p. 356, and cases cited in notes. All persons interested in the trusts may institute proceedings in their own names, but notice should be given to all other parties in interest. Same author, §282 p. 356, note 5. *Charles J. Abbott, adm'r, petition in equity for the appointment of a trustee,* 35 Me. 580. There are numerous causes for which a trustee may be removed in equity, a number of which are enumerated in Perry on Trusts, 1st vol. §275 pp. 347, 348, 349. Among other causes enumerated, for which a trustee may be removed by a court of equity and a new trustee appointed, is where the trustee refuses to act after having once accepted. Same author p. 347. Indeed the appointment of new trustees is an ordinary remedy enforced by courts of equity in all cases, when there is a failure of suitable trustees to perform the trust, either from accident or from the refusal of the old trustee or trustees to act, or from their original or supervenient incapacity to act, or from any other cause." 2 Story's Eq. Jur., §1287; *Id.,* §1061. *Depeyster* v. *Clendining,* 8 Paige 310; Lewin on Trustees 588; 4 Kent's Commentaries 311; *Matter of Merchant's Bank,* 2 Barb. 446.

"Ordinarily, when there is controversy, the court will exercise a sound discretion. Mere disagreements between the trustee and *cestui que trust* will not justify a removal; and if a trustee fails in the discharge of his duties from an honest mistake, or mere misunderstanding of them, or from a misjudgment, it is no ground for removal." &c., 1st vol. Perry on Trusts, §276, p. 350. In removing and substituting trustees, the court does not act arbitrarily, but upon certain general principles, and after a full consideration of the case, "courts will not substitute trustees upon the mere *caprice* of the *cestui que trust,* and without reasonable cause; and although the instrument of trust or a statute gives the *cestui que trust*

full power to remove and appoint other trustees, yet good cause must be shown or the court cannot be put in motion." §277 vol. 1, Perry on Trusts p. 351, and notes. In *Rosset* v. *Fisher et al*, 11 Gratt. 492, Judge Moncure in delivering the opinion of the court at pages 498 and 499 says : " A trustee in a deed of trust is the agent for both parties, and bound to act impartially between them ; nor ought he to permit the urgency of the creditor to force the sale under circumstances injurious to the debtor at an inadequate price. 1 Lom. Dig. 323 ; *Quarles* v. *Lacy*, 4 Munf. 251. He is 'bound to bring the estate to the hammer,' as has been said by Lord Eldon, 'under every possible advantage to his *cestui que trust*,' and he should use all reasonable diligence to obtain the best price. Hill on Trustees 479 marg., and the cases cited. He may and ought of his own motion, to apply to a court of equity to remove impediments to a fair execution of his trust ; to remove any cloud hanging over the title ; *and to adjust accounts if necessary, in order to ascertain the actual debts which ought to be raised by the sale or the amount of prior incumbrances.* And he will be justified in delaying for these preliminary purposes the sale of the property, until such resort may be had to a court of equity. If he should fail however to do this, the party injured by his default has an unquestionable right to do it ; whether such party be the creditor secured by the deed, or a subsequent incumbrancer or the debtor himself or his assigns."

In the case of *Anchor Stove Works* v. *James Gray et al.*, 9 W. Va. 469, it was held as a general principle "that the trustee should act as the agent of all parties in such a way as would promote the interests of all, and not be prejudicial to the rights of either party." See also *Wash. Alex. & Geor. R. R. Co.* v. *Alex. & Wash. R. R. Co. et al.*, 19 Gratt. 616, 617. "The rule is well settled that both deeds of trust and mortgages are regarded in equity as mere securities for the debt, and whenever the debt is assigned the deed of trust or mortgage is assigned

1879
Special Term.

Machir
v.
Sohon, Sheriff,
et al.

or transferred along with it. Leading Cases in Equity, vol. 2, part 2, page 236. The same principles apply to the vendor's lien resulting from the retention of the legal title, 1 Lomax Dig. 220." Opinion of Judge Staples in case *McClintic* v. *Wise*, 25 Gratt. 453, 454.

The 5th section of chap. 132 of the Code of this State of 1868, Code 629, 630, under which this proceeding is had, is as follows : "In a suit in equity in which it appears that a trustee has died, although the heirs of such trustee be not parties to the suit, yet if his personal representatives and the other parties interested be parties, the court may appoint another trustee in the place of him who has died, to act either alone or in conjunction with any surviving trustee, as the case may require ; and in any case when a trustee, or, when there is more than one, all the trustees in any deed of trust, shall have died or removed beyond the limits of the State, or shall decline to accept the trust, or refuse to act, any person interested in the execution of the deed may apply by motion to the circuit court of any county in which said deed is recorded, which may appoint a trustee or trustees in the place of the trustee or trustees named therein ; and the trustee or trustees so appointed and accepting the same shall be substituted to all the rights, powers, duties and responsibilities of the trustee named in said deed ; provided the grantor in said deed, his heirs or personal representatives, the creditors, or surety, or other persons interested to be secured thereby, or their personal representatives, shall have ten days notice of such motion, the mode of serving which shall be as prescribed in the first and second sections of chapter 121."

On the 28th of February, 1870, the Legislature passed "An act entitled an act to amend the law relating to sales under deeds of trust," which is as follows : "Be it enacted by the Legislature of West Virginia : Section 6, chapter 72 of the Code of West Virginia, is hereby amended and re-enacted so as to read as fol-

1879
Special Term.

Machir
v.
Sehon, Sheriff,
et al.

lows: '6. The trustee in any such deed, except so far as may be therein otherwise provided, shall, whenever re-quired by any creditor secured or any surety indemnified by the deed, or the personal representative of any such creditor or surety, after the debt due to such creditor, or for which such surety may be liable, shall have become payable and default shall have been made in the payment thereof or of any part thereof by the grantor, sell the property conveyed by the deed, or so much thereof as may be necessary, at public auction for cash, after having given reasonable notice of the time and place of sale, and shall apply the proceeds of sale, first to the payment of expenses attending the execution of the trust, excluding a commission to the trustees of five per cent. on the first $300.00, and two per cent. on the residue of the proceeds, and then *pro rata* (or in the order of priority, if any, pre-scribed by the deed) to the payment of the debts secured, and the indemnity of the surities, indemnified by the deed, and shall pay the surplus, if any, to the grantor, his heirs, personal representatives or assigns." Code of West Va. 743.

The object of this sixth section seems to be to provide a general rule for the government of trustees, except where it is otherwise provided in the deed of trust. From this sixth section I think it may be fairly deduced : 1st. That the trustee should not sell unless default be made in pay-ment ; 2d. If the debt secured has been paid, he should not sell.

After these general statements I proceed to enquire, what the statute means by "a refusal to act" on the part of the trustee ? Does a refusal to act on the part of the trustee simply mean a refusal to proceed to advertise and sell the property when requested so to do by the creditor or surety secured by the trust? I apprehend not always. What then does it mean ? Simply I apprehend, in gen-eral terms a refusal to do an act or acts which it is his duty to do as trustee. He should not proceed to sell, if

1879
Special Term.

Machir
v.
Sehon, Sheriff,
et al.

the debt has been paid. And if the debt has not been paid in full, but it is necessary that there should be an adjustment of accounts in order to ascertain the actual debt which ought to be raised by the sale, or the amount of prior incumberances, or where the creditor named in the deed of trust has assigned the debt secured, or part thereof, and the debt or part thereof has been paid to the assignee by the debtor and there is controversy as to such assignment and the validty of such payment under such circumstances as to render it doubtful whether the debt has in fact been properly paid in whole or part to such assignee, and who is entitled to the debt, the trustee ought not to proceed to sell, until these matters are adjudicated and settled ; and he is justifiable in delaying a sale for this preliminary purpose. And under such circumstances he ought of his own motion to apply to a court of equity to remove such impediments (if he has knowledge of their existence) to a fair execution of his trust, before he proceeds to sell. But certainly he should not be removed under such circumstances for not proceeding to sell the property, simply upon the allegation or pretext that he had refused to proceed to advertise and sell the property, and that that was " a refusal to act " within the meaning of the act of the Legislature, especially if it was made to appear to the court upon the trial of the motion to remove the old trustee and appoint a new one to execute the trust, that such impediments to a fair execution of the trust do exist, or that the trust ought not to be executed by a sale in the absence of judicial investagation and determination in relation thereto.

I do not mean to say, that it is the absolute duty of the trustee of his own motion to apply to a court of equity in all such cases to remove such impediments to a fair execution of his trust ; for in some cases the party, who may have or claim to have an interest in the subject of the trust and its execution by a sale thereunder, and who demands a sale to be made by the trustee, may be insolvent, or the demand of sale by such person may be made

simply for frivolous and vexatious purposes without any real propriety for a sale to be made. What I do mean to say is, that where such impediments exist to a fair execution of the trust, the trustee ought not to proceed to sell the property, until such impediments are removed, or he is authorized so to do by a court of equity.

If the trustee does not apply to a court of equity to remove the impediments which exist to a fair execution of the trust, the party injured thereby, as we have seen, has an unquestionable right to do it, whether such party be the creditor secured by the deed, or his assignee or the debtor or other person whose property is conveyed by the deed of trust to secure the payment of the debt, and perhaps some others. *Rosset* v. *Fisher et al.,* 11 Gratt. 499.

Again, it seems to me that the assignee of the debt secured by the deed of trust may under the statute give the required notice and make the motion to remove the trustee and appoint a new one; and if so, such assignee ought generally to have notice of such motion when it is made by another having an interest in the execution of the trust. And when one of the alienors in the deed of trust has died, and he had an interest in the real property conveyed by the deed of trust which descended to his heirs, notice of such motion should generally be given to such heirs. I think such notice is contemplated by the statute in such case.

It does not appear in this case that Joseph S. Machir, deceased, had any interest in the land conveyed by the deed of trust which descended to his heirs; and it not so appearing, perhaps we should presume that it appeared to the court below on the trial that he did not have such interest. Upon the whole it seems to me that the said circuit court ought to have heard evidence offered at the trial of the motion to remove, &c. by the defendant, Harriet Machir, not for the purpose of adjudicating and settling in this cause whether said defendant had been paid in whole or part, nor for the purpose of adju-

1879
Special Term.

Machir
v.
Sehon, Sherifi,
et al.

Syllabus 1.

Syllabus 2.

dicating and settling in this cause whether the debt had been assigned as claimed in the bill of exceptions, or if so, of adjudicating and settling in the cause the rights of the assignor and assignees respectively, but as bearing upon the question as to whether the old trustee (English) had, in fact, "refused to act as trustee"—not whether he simply refused to proceed to advertise and sell the property on the request of William H. Machir or his attorney, but to extend the enquiry further and ascertain whether there were in fact impediments in the way of a fair execution of the trust, or whether it should have been executed by the trustee by a sale under the circumstances appearing, without judicial investigation being first had.

I do not think it is contemplated by the act of the Legislature, under which this proceeding is had, that a trustee shall be removed as having "refused to act," if it appears from the whole evidence, that it was inequitable and improper for him to do the particular act demanded of him, the failure to do which is made the ground for the motion for his removal. Nor do I think it is contemplated by the act of the Legislature, that on a motion thereunder to remove an old trustee for refusing to act it should be finally adjudicated and settled, whether the trust-debt has been paid or not, or whether it has been assigned or not, or to settle and adjudicate anything finally between the trust-creditor named in the deed of trust and his assignees, or between any of them and the trust-debtors ; that more properly belongs to a court of equity upon bil., or in other proper proceedings where such matters may be put in issue and more satisfactorily enquired into. Courts of equity where they proceed in a suit to dispose of the trust-property by sale thereof, generally may, and with us it is frequently the practice of the court to appoint its own special commissioner for the purpose.

For the foregoing reasons the order and decree of the circuit court of the county of Mason, rendered in this cause on the 22d day of April, 1876, must be reversed ;

and the appellee, William H. Machir, must pay to the appellant, Harriet Machir, her costs about the prosecution of her appeal and *supersedeas* in this court expended. And this court proceeding to render such order and decree in this cause as the said circuit court should have made, it is ordered and adjudged that this cause be remanded to the circuit of Mason county for a new trial and hearing, with instructions to said circuit court to receive and hear the evidence offered by the defendant, Harriet Machir, at the former trial of the cause mentioned in the bill of exceptions taken and filed in the cause by the defendant, Harriet Machir, if another trial and hearing of the cause is had, and such evidence is again offered to the court, and for such other and further proceedings therein there to be had according to the principles settled in this opinion, and further, according to the statute in such case made and provided, and the principles and rules of courts of equity applicable thereto.

THE OTHER JUDGES CONCURRED.

DECREE REVERSED. CAUSE REMANDED.