## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

PETTUS *v.* ATLANTIC SAVINGS & LOAN ASSOCIATION.

March 25, 1897..

Absent : RIELY, J.

1. TRUSTS AND TRUSTEES—*Substitution of a new trustee.*—A proceeding by motion under the statute to substitute a new trustee in a deed of trust to secure a debt, in the place of a trustee who has resigned, determines nothing as to the rights of the parties under the deed, nor as to the character of the deed itself.

Error to a judgment of the Hustings Court of the city of Roanoke, rendered September 30, 1895, in a proceeding by motion to substitute a new trustee in the place of a former trustee who had resigned, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*Scott & Staples*, for the plaintiff in error.

*C. H. Vines*, for the defendant in error.

KEITH, P., delivered the opinion of the court.

The plaintiff in error executed a deed of trust to Geo. C. Sawyer, as trustee, to secure the Atlantic Savings & Loan Association of Syracuse, N. Y. Afterwards Sawyer resigned, stating that he was unwilling and unable to serve as trustee, and the Atlantic Savings & Loan Association gave notice to the plaintiff in error that it would on the day therein named

ask the Hustings Court of the city of Roanoke to substitute C. H. Vines in his place and stead. The plaintiff in error appeared and resisted the motion, upon the ground that Sawyer was, at the date of the deed in which he was named as trustee, and now is, and has ever since been, the president of and a stockholder in the Atlantic Savings & Loan Association, but the court, over the objection of the plaintiff in error, appointed C. H. Vines, trustee, and thereupon the plaintiff in error excepted to the judgment of the court, and presented a petition for a writ of error, which was allowed by one of the judges of this court.

The contention of the plaintiff in error is that the deed executed by him to Sawyer, he being the president of and a stockholder in the corporation secured in that deed, constituted a mortgage and not a deed of trust, and that, being a mortgage, it was necessary for the parties to go into a court of chancery to enforce it. He seems to apprehend that his rights would be in some way compromised by the judgment of the Hustings Court in this case, and that, inasmuch as that court was authorized to appoint a trustee in a deed of trust, the exercise of that jurisdiction would be deemed an adjudication of the nature of the security which he had given, and that, in any subsequent proceeding to enforce that security, he would be debarred from asserting and relying upon its true character. We think this apprehension is unfounded. The court, in substituting a trustee in the stead of one who has resigned, is exercising under the statute a special jurisdiction, and the effect of its judgment is limited to the particular act which it is authorized to perform. In the judgment complained of the court does not undertake to construe, or in any respect ascertain, the rights of the parties under the deed, and had it done so its judgment to that extent would have been in excess of its jurisdiction, and a nullity. It properly confined itself strictly within the scope of the power and duty confided to it. The order appealed from merely appointed a

trustee to take the place of the trustee named in the deed who had resigned the trust.    The rights of the parties under that deed are left wholly unaffected by the order.

We are of opinion that there is no error in the judgment of the Hustings Court of the city of Roanoke; that the plaintiff in error is in no way prejudiced or aggrieved thereby; and it is therefore affirmed.

*Affirmed.*