# CHARLESTON.

## PORTER v. MARSHALL *et al.*

### Decided October 18, 1910.

MORTGAGE—*Trust Deeds—Foreclosure—New Trustee—Appoint-
ment.*

On a motion under section 5, chapter 132, Code 1906, to
appoint a new trustee in a deed of trust, in place of one removed
beyond the limits of the state, the statute of limitations, or
presumption of payment after twenty years, can not be inter-
posed as a defense; such questions being proper subjects for
adjudication only in suits, in a court having jurisdiction of the
·subject matter and of the parties, upon proper pleadings and
proofs filed.

Appeal from Circuit Court, Hancock County.

Application of W. D. Porter, executor, for the appointment
of a trustee, to which John Marshall and others interposed ob-
jections. From a decree appointing a trustee, O. S. Marshall
appeals.

*Affirmed.*

*J. B. Sommerville* and *John Marshall,* for appellant.

*E. A. Hart,* for appellee.

MILLER, JUDGE:

The motion was, under section 5, ch. 132, Code 1906, to
appoint William Hooper, trustee, in place of James M. Por-
ter, removed to the State of Pennsylvania; trustee named in

a deed of trust from Marshall and wife, dated April 1, 1886, and covering a tract of land in Hancock county. The purpose of this deed was to secure to Jasper M. Porter, payment of nine hundred and eighty-five dollars, evidenced by three notes, due in one, two and three years, respectively, all bearing interest payable annually, it being provided therein that non-payment of any one of said notes when due, or the non-payment of the interest on any or all of them annually, "shall work the maturity of the whole debt, and a sale of said premises may take place."

In his motion or petition, W. D. Porter, the appellee, represented himself to be the executor of Fannie Porter Mc-Bride, deceased; that sometime after the making thereof, the date not being alleged, said notes, together with the security for the payment thereof, for a valuable consideration had been transferred by Jasper M. Porter to said Fannie Porter McBride, and that she continued to be the *bona fide* owner and holder of the same to the date of her death, January 15, 1908.

On the return day of the notice, April 21, 1909, Marshall appeared, resisted the motion, and was given thirty days to file his answer. In his answer in writing, filed May 24, 1909, he admits the making of the notes and deed of trust, but denies that he owes anything thereon; alleges that said notes had all been paid, at least twelve years prior to that date. Later, June 21, 1909, on motion of appellee to strike out his first answer, Marshall tendered and moved the court for leave to file an amended answer, which motion was resisted by the appellee.

Finally, on June 26, 1909, the court below, pronounced the decree or order appealed from, striking out the original answer of Marshall, refusing to file the amended answer, and decreeing that said William Hooper be and he was thereby appointed trustee in place of said James M. Porter, removed, and substituting him to all the rights, powers, duties, and responsibilities of the trustee named in said deed; also adjudging that Marshall pay the costs of said motion.

In his amended answer, in addition to the admission and general denial contained in his original answer, Marshall by way of defense, among other things, probably intended to plead

the statute of limitations of ten years on the notes, and as a defense to the motion to appoint a trustee in the deed of trust, to plead and rely on the common law presumption of payment after twenty years. But he did not in terms plead the statute, nor, if that was necessary, did he specifically plead the lapse of twenty years, and presumption of payment; and he made no motion to quash the notice or motion, or demurrer thereto, or in any other way present the question by proper pleading.

The question presented for determination is whether, with or without pleading, putting the question in issue, the defense of actual payment, or presumptive payment after the lapse of twenty years, can be interposed to such motion.

It has been many times decided that the statute of limitations, which would bar action at law on the debt, will not bar enforcement of payment thereof by foreclosure proceedings, or sale by the trustee under a deed of trust, or mortgage, or enforcement of a lien reserved securing · payment thereof. *Camden* v. *Alkire*, 24 W. Va. 674; *Criss* v. *Criss*, 28 W. Va. 388, 396 (Syl. 1) and cases cited; *Evans* v. *Johnson*, 39 W. Va. 299 (Syl. 4). But these decisions are cited and relied on by appellant for another proposition which they fully sustain, namely, that the presumption of payment from lapse of time or laches, unless repelled and explained, will defeat enforcement of such lien. It is upon this latter proposition that appellant mainly relies.

On the question presented, this Court said in *Machir* v. *Sehon*, 14 W. Va. 777: "It is not contemplated by the said act of the Legislature that on a notice and motion thereunder to remove an old trustee for refusing to act, and appointing another in his stead, it should be finally adjudicated and settled, whether the trust debt has been paid or not, or whether it has been assigned or not, or to settle and adjudicate anything finally between the trust-creditor, named in the deed of trust, and his assignee or assignees, or between any of them and the trust-debtor or debtors. That more properly belongs to a court of equity upon bill, or in other proper proceeding, where such matters may be put in issue and more satisfactorily enquired into." The Supreme Court of Appeals of Virginia, construing a similar statute, held that such proceeding by motion

determines nothing as to the rights of the parties under such deed, and that the order of the court would not in such a case estop the grantor from asserting that the instrument was in effect a mortgage enforcible only in a court of chancery. *Pettus* v. *Atlantic Savings & Loan Association,* 94 Va. 477 (26 S. E. 834). These decisions seem to us well founded in reason. It certainly was not contemplated by the legislature, that in this summary proceeding the validity, amount, or priority of the debt, or any other question, except the one provided for, should be determined therein.

Several objections are urged to the application of the cases cited to the case at bar. First, it is said that *Machir* v. *Sehon,* is distinguishable from this case, in that it was to remove one trustee and substitute another, and that the point covered by the second point of the syllabus did not fairly arise. We are unable to so distinguish that case. The same points presented here were presented and decided there adversely to the contentions of appellant. Second, that the case was not a well considered one, no authority being cited for the views expressed. We can not so regard that case. Third, it is said with respect to the Virginia case, that in that case it was admitted that something remained to be done under the trust, while in the case at bar, nothing remains to be done, and no rights exist under the trust, rendering the appointment of a trustee, at the cost of the grantor, a vain and unnecessary performance. We cannot agree with counsel in their views of this case. The motions to strike out the original and refuse to file the amended answer of appellant, were not as contended equivalent to a demurrer admitting as a fact that nothing remained due on the trust debt. These motions in view of the decisions relied on simply amounted to saying that admitting all that is said in the answers, the answers raise questions that could not and should not be adjudicated in this proceeding. The motion, which was in writing, and sworn to, distinctly alleged that the notes secured by the trust remained unpaid. The answer and amended answer of appellant amounted to no more than a general denial of indebtedness. The amended answer practically admits liability on the notes as late as April 1, 1895, within the period of twenty years after the date of the maturity of the notes; also an unsettled state of the accounts be-

tween the parties, requiring judicial determination. So we see little room for distinguishing this case from the cases cited.

Assuming that the answers contained no admissions of indebtedness within the twenty years, and that no formal plea is required, may a motion to appoint or remove a trustee under our statute be defeated upon the ground of presumption of payment after the lapse of more than twenty years? It is earnestly argued here, upon the authority of *Camden* v. *Alkire, Criss* v. *Criss,* and *Evans* v. *Johnson, supra,* that the right to enforce the lien of a deed of trust after twenty years, is gone, unless the presumption of payment of the debt be over borne by satisfactory proof to the contrary, and that it would be asking the court to do a vain thing to appoint a trustee to execute a trust that could not in equity be enforced. Jurisdiction to appoint trustees whenever a vacancy occurs is inherent in courts of equity, but is generally also conferred by statute, declaratory thereof. 28 Am. & Eng. Enc. Law. (2nd Ed.) 958. And if this were a suit in equity, upon bill filed to appoint a new trustee, or to enforce the deed of trust, we are inclined to the view that the position of counsel would be correct. In such a case the plaintiff would be required to allege and prove to the court reasonable excuse for the delay, and overcome by satisfactory evidence the presumption of payment after twenty years. The decisions referred to so hold. But for our statute, which provides a remedy by simple motion, for the substitution of a trustee, a suit in equity would be the only remedy. Under the heading, "When not exercised," it is said, 28 Am. & Eng. Ency. Law, 962: "The mere fact that there is a vacancy in the office of trustee does not render the appointment of a successor imperative, if such appointment would serve no useful purpose. Accordingly, the court will refuse to make an appointment of a new trustee where it appears that the trust is invalid, or that the original trustee was not a trustee, but merely a debtor, * * * * or that the trust was created to secure a debt which is barred by the statute of limitations. * * * * So, too, the mere fact that the court removes a trustee is not *per se* a reason for appointing a successor, if no useful result will be obtained thereby." See on this subject, 28 Am. & Eng. Ency. Law, pp. 958-963. In *Fuller* v. *O'Neal* (Texas), 18 S. W. 481, the court says: "Appellant only seeks relief in two

respects: He asks the appointment of a trustee empowered to sell, after the debt is clearly barred by limitation, when this is set up as a defense. To grant this would be but an indirect way to accomplish, through the court, what could not be done directly, through its own process. Before appointing a trustee with power to sell, such as the trustee named in the trust-deed had, the court would necessarily have to inquire whether plaintiff shows a claim which the law permits to be collected through the courts with the defense of limitation pleaded. The petition shows that the claim was clearly barred, and, under such circumstances, it would be a mockery of the law for a court to empower a trustee to do what could not legally be done through its own process, which would be as effective as the due execution of the power by the trustee." In this State, of course, though the statute of limitations bars this remedy at law on the debt, it is not followed in the enforcement of a deed of trust securing the debt, as in some states. The Texas case, however, serves to illustrate the application of the same principle, where after twenty years, presumption of payment of the debt, not overcome by allegation and proof, is relied on as a defense.

We come again to the controlling question there, may presumption of payment after twenty years of properly interposed as a defense to a motion to appoint a new trustee? Our conclusion, based on the nature of this summary remedy, and the decision of this Court in *Machir* v. *Sehon,* and the Virginia case of *Pettus* v. *Loan Ass'n., supra,* is that such a defense can not properly be interposed. We need not say whether, if the debt had been admittedly paid off and discharged, as the argument of apellant's counsel, we think, erroneously assumes, the court would on this motion do the vain and useless thing of appointing a trustee to execute the trust. What we do decide is that in a case like this the mere presumption of payment, which in a proper suit may be overcome by proof, will not constitute a good defense to such motion. The rights of the parties in such cases we think can be properly adjudicated only in a suit, in a court having jurisdiction of the subject matter and of the parties, and where all questions that might or could arise may be finally heard and determined on proper pleadings and proofs. We do not think that the statute con-

templated the litigation of any such questions in a proceeding like this.

The decree below will therefore be affirmed.

*Affirmed.*