# CHARLESTON.

CHARLES L. BROWN *v.* E. W. BROWN, EXECUTOR.

Submitted October 12, 1920.   Decided October 19, 1920.

1. MORTGAGES—*Beneficiary May Move to Appoint New Trustee.*

   A beneficiary named in a deed of trust has such apparent interest therein as entitles him to maintain a motion to appoint a new trustee upon any of the grounds named in section 5 of chapter 132 of the Code.   (p. 259).

2. SAME—*On motion to Change Trustee Court Cannot Determine Debt.*

   Upon such motion the court has no jurisdiction to hear or determine any questions affecting the amount or validity of the debt secured by the deed of trust, or whether the same has been paid or otherwise discharged.   (p. 259).

3. INJUNCTION—*Equity Will Not Enjoin Use of Deed of Trust by One Interested in Support of Motion to Substitute Trustee.*

   Nor will a court of equity at the suit of the maker of such deed of trust entertain a bill to enjoin the use thereof by one so interested therein in support of such motion.   (p. 260).

   (WILLIAMS, PRESIDENT, absent.)

Appeal from Circuit Court, Jackson County.

Suit by Charles L. Brown against E. W. Brown, executor, and others.   Decree for plaintiff, and defendant named appeals.

*Reversed and rendered.*

*William Beard,* for appellant.
*C. L. Brown,* for appellee.

MILLER, JUDGE:

The defendant below, complaining of the final decree, which perpetuated the preliminary injunction awarded against him upon bill, demurrer and answer thereto, and affidavits and other papers filed, was awarded the present appeal.

The decree overruled the demurrer, and in accordance with the prayer of the bill, among other things, perpetually enjoined appellant from prosecuting or making a motion in the circuit

court of Jackson County, on April 7, 1919, to appoint William Beard, or any other person, to act as trustee in the place and stead of N. C. Prickett, deceased, named in a certain deed of trust, dated May 13, 1899, executed by plaintiff and wife to said trustee, and from proceeding further to execute said trust and from using the same as a subsisting valid deed of trust, and from using it as evidence upon said motion, or upon any motion he might thereafter make, as the foundation for the appointment of a new trustee to execute said deed of trust as a valid deed of trust, in his capacity as sole surviving executor of the will of Anna H. Brown, deceased, upon the grounds for such relief set forth in the bill.

The principal grounds alleged and relied on for the relief decreed are that defendant's right to enforce said deed of trust has been adjudicated against him by the circuit court, first, by the decree in the suit of *Brown* v. *Brown,* affirmed here in 1913, 72 W. Va. 648, and afterwards, in another suit begun in the same court in 1914, in which defendant in his executorial capacity and William J. Brown, one of the legatees named in the will of said Anna H. Brown, were plaintiffs, and plaintiff herein was defendant; the final decree in which latter case, pronounced August 3, 1915, remains in full force, not appealed from nor set aside.

The demurrer to the bill presents the question whether the grounds for relief, namely, the decrees in said former suits, the effect whereof, as pleaded, is controverted by appellant, constitute good ground for the injunctive relief awarded.

The motion enjoined was simply to appoint William Beard trustee in the deed of trust in the place and stead of N. C. Prickett, deceased. That said Prickett is and was deceased is affirmed in the bill. Section 5, chapter 132 of the Code, authorizes any person interested in the execution of any such deed of trust to apply by motion to the circuit court of any county in which such deed is recorded, which may appoint a trustee or trustees in the place of the one named therein, when the trustee named shall have died or removed beyond the state or shall have declined to act. That the trustee named in said deed of trust had died and that this was the sole ground for

the motion, is conceded by the bill, also that defendant is the sole executor of the will of Anna H. Brown, deceased, and that the deed of trust was given to secure a note of plaintiff for $3,000.00, made by him to the executors of the will of said decedent. On the face of the record defendant would seem to have such apparent interest in the deed of trust as to give him clear right to make the motion so enjoined. The statute giving right to the motion also requires that the grantor, his heirs or personal representatives, and the creditor, surety or other person intended to be secured thereby shall have ten day's notice thereof, and this implies of course that they shall have opportunity to be heard thereon.

As the death of the trustee Prickett is admitted, the only other question which could properly be considered on such motion is whether defendant Brown as executor has such interest in the deed of trust as entitles him to maintain the same; for we have decided in two cases that on such motion the court can not consider or decide whether the trust debt is valid or has been paid off or was in any other way discharged; that all such questions can be litigated and settled only in a suit upon proper pleadings and proofs, with all parties properly impleaded in the cause. *Porter* v. *Marshall,* 67 W. Va. 673; citing the prior case of *Machir* v. *Sehon,* 14 W. Va. 777. So that the court could not on said motion go into the question of the effect or validity of the decrees upon which plaintiff bases his right to injunctive relief in this case. Plaintiff in this suit has endeavored to anticipate that the court will appoint a trustee and that defendant, if successful in his motion, will proceed to advertise and sell the land conveyed by the trust deed. His suit is premature. We decided in the recent case of *First National Bank* v. *McGraw,* 85 W. Va. 298, 101 S. E. 474, that a trustee named in a deed of trust has such apparent interest in the property conveyed as makes it necessary to implead him in any suit affecting that apparent right. So that if defendant, in moving the appointment of a new trustee in place of the one dead, contemplates a suit to enforce any right he may have, the trustee would be a necessary party thereto, and for this purpose his apparent interest would en-

title him to the appointment, for as said above, the court on such motion could not go into the question of his ultimate right to enforce the trust. It is possible no suit may ever be brought to enforce the trust. Whether one is brought or not, plaintiff has shown no legal right to anticipate it, and by a suit of his own to anticipate his defense.

The decree goes so far as to enjoin the use of said deed of trust on said motion or in any proceeding thereon. This was clearly erroneous. A court of equity will not entertain a bill to enjoin the use of a writing evidencing a transaction between the parties in another suit or proceeding, even though obtained by fraud. In such cases the court, when the evidence is presented, has ample power to prevent injustice in the use thereof. *Burkhart* v. *Scott,* 69 W. Va. 694.

In reaching the conclusion to reverse the decree, dissolve the injunction and dismiss the bill, we mooted the question whether inasmuch as the motion and the present suit were pending in the same court, we might not treat the bill as an appearance to the motion and an answer thereto. But this query is answered by the principle decided, that the court on such motion can not go into the question sought to be litigated by the present bill. To do so would be to anticipate the use defendant may make of the deed of trust and of the order appointing the new trustee, without proper pleadings and in the absence of the parties in interest.

The decree will be reversed, the injunction dissolved and the plaintiff's bill dismissed with costs to appellant incurred here and in the circuit court.

*Reversed and rendered.*