GLADYS PLACE *v.* HOMER C. BUCKLEY *et al.*

(No. 9606)

Submitted April 18, 1944. Decided June 16, 1944.

A. G. *Mathews* and E. R. *Staats,* for petitioner.
R. E. *Bills* and K. C. *Moore,* for respondents.

KENNA, JUDGE:

This mandamus proceeding was brought by Gladys Place against Homer C. Buckley, Dale Buckley, administrator of the estate of Eliza A. Buckley, deceased, W. H. Hoffman, Trustee, and the Honorable David F. Turner, Judge of the Circuit Court of Wood County, for the purpose of requiring the Circuit Court of Wood County to enter an order pursuant to a notice made under the provisions of Code, 44-14-1, appointing a substitute trustee in the room and stead of W. H. Hoffman, who was named

trustee under the provisions of a deed of trust dated December 7, 1932, executed by Homer C. Buckley to Hoffman, trustee, to secure the payment of a note for $350.00, payable one year from date, to Eliza Buckley, now deceased. The petition herein prayed that Henry McPeek should be appointed trustee, as did also the petition filed before the Circuit Judge under the statute referred to, but in awarding the rule this Court, in order to mold its process to conform with the actual showing directed the respondents to show cause why the appointment of a trustee, not naming an individual, should not be ordered.

The petition alleges that Gladys Place had prepared and caused to be served upon all the parties interested more than ten days before the 12th day of May, 1943, a notice in writing informing them that at a named hour on that day she would move the Circuit Court of Wood County to appoint Henry McPeek substitute trustee to act under the deed of trust named instead of W. H. Hoffman, who had declined to act; that on the 12th day of May she had appeared, filed her written notice, and moved for the appointment in accordance therewith; and that the matters arising pursuant to said notice and motion were regularly continued from time to time until the 27th day of May, 1943, at which time Homer C. Buckley appeared, resisted the granting of the motion, and was permitted, over the objection of petitioner, to exhibit and prove a release of the trust deed in question, signed and acknowledged by Dale Buckley, administrator of the estate of Eliza A. Buckley, deceased, the trust deed creditor, and to take proof upon the hearing of the said motion, which related only to the present status of the indebtedness secured by the said deed of trust. The petition goes on to allege that after the taking of proof on August 10, 1943, the Judge of the Circuit Court of Wood County refused to appoint a substitute trustee, pursuant to the motion and notice, and dismissed the proceeding at the cost of movant. The prayer of the petition is that this Court direct the Circuit Court of Wood County to proceed with the appointment.

Homer C. Buckley demurred to the petition and assigned grounds which we believe are covered by the questions of law raised by the answers. We, therefore, do not regard it as necessary to discuss the demurrer separately.

The return of the Circuit Judge of Wood County includes, as a part thereof, a transcript of evidence taken on behalf of Homer C. Buckley in chambers on the 27th day of May, 1943, and states that no evidence was offered on behalf of petitioner with the exception of a purported assignment of the deed of trust and note, which assignment, although not filed as evidence, was considered by him in connection with the entry of the order on August 10, 1943. The return further states the testimony taken on behalf of Homer C. Buckley was admitted for the purpose of considering (a) whether or not the said deed of trust was then in force and effect; (b) whether or not it had become void because of the payment of the note and debt secured thereby; (c) whether or not petitioner was then the owner and holder of said note or had ever been such owner; (d) whether or not the respondent, Dale Buckley, administrator of the estate of Eliza A. Buckley, deceased, properly released the said deed of trust; (e) whether or not the trustee named in said deed of trust, or a trustee in his place and stead, would be permitted to proceed to enforce said deed of trust, or whether or not the Circuit Court of Wood County would be doing a vain and useless thing by the appointment of Henry McPeek, or any other person, as trustee instead of the trustee named in said deed of trust; and (f) whether or not at the time of the purported assignment by Eliza A. Buckley to the petitioner, Gladys Place, of the note secured by the deed of trust, she, Eliza A. Buckley, had an interest in the deed of trust or note which she could have transferred to Gladys Place. The return also states that no evidence was offered on behalf of petitioner that the trustee named in the deed of trust had declined to act or was otherwise disqualified, and that no evidence, with the exception of the purported assignment, which had evidently been withdrawn from the file by counsel representing Gladys Place,

was offered showing that Gladys Place was the owner of the note in question. It would appear from a statement made by the Circuit Judge, appearing as a part of the transcript, that Homer C. Buckley had presented to him, through counsel, the original deed of trust and original note, together with certain receipts, showing payments which had been made as credits upon the amount due, the statement not disclosing whether the claimed credits appeared as endorsement on the back of the note. Counsel for petitioner, in addition to objecting to the taking of testimony, excepted to the court's statement.

The return of Homer C. Buckley, in substance, is so similar to that of the Circuit Judge that we believe it is unnecessary to state its contents.

The return of Dale Buckley states that he was not a party to the proceeding in the Circuit Court, knew nothing of the claimed assignment of the trust deed to Gladys Place, and executed the release of the trust deed after he had seen the original and the note thereby secured in the possession of Homer C. Buckley, and after having been informed by the payee, Eliza A. Buckley, that the indebtedness represented by said note had been fully paid and discharged.

Although Code, 44-14-1, is a remedial statute, prescribing a much simplified summary proceeding by way of notice and motion as a means, additional to a chancery proceeding, for the filling of an existing vacancy in a trusteeship, and as such is to be liberally construed and applied, the Supreme Court of Virginia has held that under a similar statute, when the record does not show that the necessary parties have either been properly served with notice or were before the court, the attempted proceeding is entirely noneffective. *Pitzer* v. *Logan*, 85 Va. 374, 7 S. E. 385. Code, 44-14-2, after prescribing that persons interested in the execution of the trust shall receive ten days' notice of the motion, provides further: "That in the case of a trust deed to secure a debt or obligation notice to the grantor, his heirs, devisees or personal representatives, and the person appearing by such deed or by re-

corded assignment to be the party secured, or his personal representatives, shall be sufficient." It will be seen that insofar as the statute requires notice to parties in interest in the case of a trust deed that there are but two classes of parties specified, the grantor, and, in the alternative, either the person appearing by the deed, or the person appearing by a recorded assignment, to be the party secured. In the proceeding before the Circuit Court, Gladys Place, the movant, appeared by recorded assignment to be the person secured. True, Dale Buckley, administrator of Eliza A. Buckley, deceased, had executed a release under the apparent belief that he was acting as the personal representative of the person secured by the deed of trust. For that reason respondent, in the matter now before us, takes the position that Dale Buckley, as such administrator, was a necessary party in the summary proceeding before the Circuit Court. We think not. The proceeding by notice and motion under Code, 44-14-1, is not for the purpose of trying controverted questions, either legal or equitable, but is for the purpose of filling a vacant or dormant fiduciary position under a *prima facie* showing of right. If there is a *prima facie* showing of the trust's creation, its continued existence cannot be controverted. The movant, having made a *prima facie* showing, the appointment of a trustee adjudicates nothing more. As applying directly to deeds of trust, syllabus 2 in the case of *Brown* v. *Brown,* 87 W. Va. 257, 104 S. E. 589, reads as follows: "Upon such motion the court has no jurisdiction to hear or determine any questions affecting the amount or validity of the debt secured by the deed of trust, or whether the same has been paid or otherwise discharged." To the same effect is the second syllabus in the case of *Machir* v. *Sehon, Sheriff, et al.,* 14 W. Va. 777, and the discussion appearing in the opinion. It, of course, follows that Buckley, administrator, by reason of the nature of the proceeding and of the fact that he was not a party thereto, has been entirely unaffected thereby, and that nothing has resulted therefrom except the placing of Gladys Place in a position where it is possible she may attempt the en-

forcement of the deed of trust without going into a court of chancery and there asking the appointment of a different trustee and submitting the controverted questions to the decision of the trial chancellor. Those opposing the enforcement of the trust deed may do so. Since the grantor, Homer C. Buckley, and the person appearing by recorded assignment to be the person secured, were both before the Circuit Court in the proceeding by notice and motion, we are of the opinion that the statute has been substantially followed as to necessary notice.

But the respondents contend that Gladys Place did not appear by recorded assignment to be the party secured, for the reason that the acknowledgment to the assignment failed to identify Eliza A. Buckley as the person who was acknowledging its execution before the notary, and that consequently it cannot be regarded as a properly recorded instrument. This contention is based upon the holding of this Court in *Goad* v. *Walker*, 73 W. Va. 431, 80 S. E. 873, syllabus point 3. For us to pass upon the question thus raised in a mandamus proceeding we feel would be to permit the validity of the recordation of the paper, which was, at least, spread upon the records of Wood County, to be collaterally attacked for the purpose of determining whether Gladys Place had complied with Code, 44-14-2, by having a written notice of her motion to substitute the named trustee served upon a fiduciary who had executed a release of the deed of trust in question. We believe that the serving of such a notice upon a person whose interests, if any, necessarily were in direct conflict with those of the movant, could serve only the purpose of presenting to the Circuit Court of Wood County a matter in controversy, which, as we have already seen, is not permitted under Code, 44-14-1. If Dale Buckley had an interest, that is necessarily so; if he had no interest, he is not a necessary party. We believe further that since assignments of choses in action are not required to be recorded and their actual spreading upon the public records is not notice to third persons, in considering persons appearing by what is called "recorded assignment" to be

the parties secured under the provisions of Code, 44-14-2, there should be liberality of construction and that, in any event, the law upon the question is not so clearly settled that we would be justified in holding the acknowledgment of the assignment void for all purposes when collaterally attacked. We therefore do not believe that this point is well taken.

We do not believe that the point raised concerning there having been no showing that W. H. Hoffman had declined to act as trustee has merit. It is so that the written declination, although now among the papers in the file, does not appear to have been formally introduced as evidence. However, the Circuit Judge considered it, Hoffman was notified that the motion to substitute a trustee in his stead would be made, and the decision not to fill the vacancy was based upon an entirely different ground.

We believe that what we have already said and the cases cited, sufficiently show that under the provisions of Code, 44-1-1, the Circuit Court of Wood County lacked jurisdiction to decide controverted matters going to the merits concerning the existence of the trust. The movant showed its creation and the fact that she had at least a *prima facie* basis to contend that it still was in effect. By the appointment of a successor, the order of the Circuit Court has no effect upon the relative position of the parties in interest, either as to the existence of a trust or their beneficial interest therein. If any of them wished to object to the appointment of a certain person as trustee and submit to the trial court the ground of their objection or of his disqualification, it was their right to do so, and if the discretion of the Circuit Judge is improperly exercised it is their right to appeal. As we have heretofore indicated, however, it is not their right to have a certain individual named by them appointed.

On the basis of what has been said, a peremptory writ will be awarded.

*Writ awarded.*