## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### PITZER v. LOGAN.

#### August 23d, 1888.

1. TRUST DEEDS—*Substituted trustee—Jurisdiction—Presumption—Sale.*— No presumption lies in favor òf court of competent jurisdiction that all parties in interest were before it, unless the record shows that all such parties had notices. Order substituting another trustee is null, and sale made by him is void. *R. R. Co.* v. *R. R. Co.*, 19 Gratt. 592; Code 1873, ch. 174, ⸹ 8.

2. IDEM—*Application of payments—Modus et conventio.*—Where it appears from evidence in the record that payments have been applied in exact accordance with the agreement of the parties, the court will not disturb the application.

Appeal from decree of circuit court of Roanoke county, rendered July 2d, 1887, in a chancery suit wherein Jeremiah K. Pitzer was complainant, and R. H. Logan was defendant, by which the injunction, awarded to Pitzer to the sale of land which had been advertised by Logan as substituted trustee in a trust deed executed by Pitzer, was dissolved. Pitzer appealed. Opinion states the case.

*Penn & Cocke,* for the appellant.

*Staples & Logan,* for the appellee.

HINTON, J., delivered the opinion of the court.

The record in this case shows that on the 2d of June, 1871, one Jeremiah K. Pitzer, the appellant, executed a deed of trust,

conveying to one James T. Logan the land therein described in trust to secure Wm. M. Radford, committee of Nathaniel Burwell, a lunatic, the payment of two bonds, one for $1,000, executed on the 23d day of March, 1871, and the other for $5,000, executed on the 2d day of June, 1871, the first payable on demand and bearing interest from date, and the second payable five years after date, with interest payable semi-annually. On the 23d of April, 1872, Radford, the committee, was removed as committee and John Trout was appointed in his stead.

In 1882 John Trout died, and Henry S. Trout was appointed committee.

In 1886 Burwell, the lunatic, died, and John T. Cundiff and S. P. Willis qualified as his administrators.

To these several committees of Burwell sundry payments on accounts of these debts were made by Pitzer, in some instances two payments a year, and for all these payments receipts were given, and these receipts are all set out in the record.

Default having been made in the payment of these bonds, R. H. Logan, claiming to be a substituted trustee, on the 7th day of June, 1887, advertised the land for sale for "cash sufficient to pay costs of sale and amount due the estate of N. Burwell, say $7,500. Residue upon such credit as J. K. Pitzer may direct."

To this sale the appellant, Pitzer, obtained an injunction, but on the 2d of July, 1887, the injunction was dissolved and the sale was ordered to be made. Whereupon Pitzer took this appeal.

But two questions are raised by the appellant: one as to the application of the payments that have been made, and the other as to the status of the said R. H. Logan, viz: whether he has been duly appointed a trustee in conformity with the statute, Code 1873, ch. 174, § 8.

Now, as to the first question, the court is of opinion that it does not arise, for the simple reason that it plainly appears from the face of the receipts and the provision of the deed, which

makes the land liable to be sold for default in the payment of any semi-annual instalment of interest on the $5,000 bond, that the payments of interest made have been applied in exact accordance with the agreement of the parties, and in such a case the maxim, *modus et conventio vincunt legem*, applies.

Upon the second point the court is of opinion that, as it does not appear that R. H. Logan was ever appointed trustee in accordance with the statute, he has not the right to sell the land under this deed of trust. Section 8, ch. 174, Code 1873, authorizes the circuit, county, or corporation court of any county or corporation, in which such a deed of trust is recorded, to appoint a trustee in place of the deceased trustee, upon motion of any person interested in the execution of said deed, after ten days' notice of such motion to the grantor and grantee in said deed, their heirs and personal representatives, the creditor, surety, or other persons intended to be secured thereby. And the 9th section of said chapter provides who shall execute the trust upon the death of the trustee, where the instrument does not otherwise direct, and no other trustee has been appointed by a proper court.

Now, from the order of the court in this case, it does not appear upon whose motion it was, or that it was upon the motion of any one, that the court appointed R. H. Logan trustee in the place and stead of James T. Logan, the trustee who had died. But it is argued that it will be presumed in favor of a court of competent jurisdiction that the proper parties were before the court, and that it consequently had jurisdiction. We do not so understand the law. For here the proceeding is under the statute, and in such a case it must, says Mr. Robinson, "appear by the record of the judgment," or other proceeding, "that the case comes within the provisions of the statute, and that the course prescribed by the statute has been followed." 7 Rob. Pr. p. 16. And in *Ransom* v. *Williams*, 2 Wall. 318, it being claimed that it was intended by a certain order to affect the estate of one G., or those claiming under him, Swayne, Justice, said: "If

such were the intention, the order having been made against parties not shown to have been actually or constructively before the court, was, so far as they were concerned, clearly void." See also 7 Rob. Pr. p. 18, *et seq.; Washington, Alex. & Georgetown R. R. Co.* v. *Alexandria & Washington R. R. Co.,* 19 Gratt. 592.

The record failing to show that the proper parties were before the court, it follows that the order of the circuit court of Roanoke county dissolving the injunction was erroneous, and that the same must be reversed, and that a decree must be entered here reinstating the injunction and making it perpetual.

DECREE REVERSED.