## Richmond.

## ABRAHAMS V. BALL AND OTHERS.

### January 24, 1918.

1. MORTGAGES. AND DEEDS OF TRUST—*Substitution of Trustee—Juris-diction of Court.*—Section 3419, Code of 1904, provides that /when a trustee removes from the State, or declines to accept the trust, or resigns, the circuit court of the county or the corporation court of the corporation, in which the deed or other writing creating the trust "is, or might have been recorded, may, on motion of any person interested, appoint a trustee" in the place of the trustee named in the instrument. A motion under this section shall be after reasonable notice to all parties interested in the execution of the trust other than the plaintiff in such motion. The deed in the instant case was properly recorded in the county of Prince George, the city of Hopewell not then being in existence. But after the incorporation of the city of Hopewell, the land conveyed by the deed of trust being situated in the city as incorporated, the deed of trust was recorded in the clerk's office of the Corporation Court of the city of Hopewell. When the notes secured by the deed of trust became due, the creditors secured by the notes moved in the Corporation Court of Hopewell to substitute a new trustee for the original trustee on the ground that the original trustee had removed beyond the limits of the State.

   *Held:* That, as the deed in question might have been recorded in the Corporation Court of the city of Hopewell in contemplation of law, as it was in fact recorded, that being so recorded at the time the proceeding in the instant case was instituted, the corporation court had jurisdiction of the subject matter of the proceeding, in so far as such jurisdiction depended upon the place of recordation of the deed of trust.

2. RECORDING ACTS—*Recording in Two or More Places.*—There is no rule of law, statutory or otherwise, which prevents the valid subsequent recordation in other counties or cities of a deed once recorded in a given county or city. The circumstances that the *other* county or city is subsequently formed out of a portion of the county in which the deed was first recorded, and that it is not *necessary* to record the deed a second

time in such *other* county or city, are immaterial. The original deed may be recorded in any county or city wherein the property embraced in the deed or any part thereof is located, and it will give the constructive notice provided for by said section 2465, Code of 1904. It is only when the original deed has been lost or mislaid that a certified copy thereof has to be used for the recordation thereof in another county or city. . (Section 2506, Code of 1904.)

3. MORTGAGES AND DEEDS OF TRUST—*Substituting Trustee—Notice to Original Trustee.*—In proceedings under section 3419, Code of 1904, to substitute a trustee, the original trustee in a deed of trust is "interested in the execution of the trust," and is a necessary party to the proceeding and the statute requires notice to him of the proceeding.

4. MORTGAGES AND DEEDS OF TRUST—*Substituting Trustee—Subsequest Grantee.*—After a deed of trust had been given, the grantor therein conveyed a one-half interest in the land, subject to the deed of trust, to another.

   *Held:* That, the grantee of the one-half interest was a necessary party to proceedings under section 3419, Code of 1904, to substitute a trustee in the deed of trust.

5. TRUSTS AND TRUSTEES—*Substitution of Trustee—Compliance with Statute.*—The proceeding under section 3419, Code of 1904, to substitute a new trustee for the original trustee named in the instrument creating the trust, is a statutory one and the express requirements of the statute must be at least substantially complied with in order that the court may have the jurisdiction of the subject matter conferred by the statute.

Error to an order of the Corporation Court of the City of Hopewell, in proceedings by creditors to substitute a trustee in a deed of trust. From the order substituting a trustee, the grantor assigns error.

*Reversed.*

STATEMENT OF THE CASE AND FACTS.

This case involves the validity of a proceeding by motion in the Corporation Court of the city of Hopewell under section 3419 of the Code of Virginia, substituting a trustee in a certain deed of trust which was recorded in such city in the clerk's office of such court at the time that the

proceeding was instituted and the order complained of was entered, on the grounds that the original trustee had removed beyond the limits of this State and had declined to accept the trust and act thereunder.

### THE FACTS.

The following are the material facts in the case:

When the deed of trust set out in the appellees' notice was executed, the land conveyed thereby was wholly within the county of Prince George, and the deed of trust was duly admitted to record in the clerk's office of the Circuit Court of Prince George county on the 10th day of March, 1916. On the 1st day of July, 1916, the city of Hopewell was incorporated by act of the General Assembly of Virginia (Acts 1916, p. 89), and the land conveyed by said deed of trust was incorporated by said act as a part of the city of Hopewell. On the 16th day of September, 1916, the said deed of trust was recorded in the clerk's office of the Corporation Court of the city of Hopewell. When the notes secured by the said deed of trust became due, the said J. G. Brown, trustee, who had been a practicing attorney in Hopewell, was not in the city. Through the attorneys for the holders of said notes, efforts were made to ascertain his whereabouts (which need not be set forth here), with the result that he could not be found, so that he was not called upon to act and did not act as trustee, nor do anything even in part performance of any duty as trustee under the deed of trust.

The trust deed was in the ordinary and usual form of a deed of trust securing the payment of certain notes, with power in the trustee to sell the property conveyed, etc., etc., upon request of the note holders, should default be made in the payment of such notes at maturity.

After the said deed of trust was given, the grantor therein, Fannie Abrahams, the appellant, conveyed a one-

half interest in the land conveyed by said deed of trust to one Mollie Salsbury, subject to said deed of trust, and such deed was admitted to record in the clerk's office of the Circuit Court of Prince George county.

The motion to substitute the trustee, as aforesaid, was made by appellees, the note holders, the payment of whose debts were secured by said deed of trust.

Legal notice of the motion was given by said creditors to the grantor in said deed of trust, the said appellant, who appeared and defended the motion.

So far as appears from the record in this case, no notice of the motion was given to Mollie Salsbury (the said grantee from appellant, subsequent to said deed of trust, by deed duly recorded before said proceeding was instituted, as aforesaid), nor was any legal notice given to the original trustee in said deed of trust.

The order complained of, so far as material, is as follows:

"This day came the plaintiffs, by counsel, and moved the court to appoint Chas. T. Morris, of the city of Hopewell, Va., as trustee in the place and stead of J. G. Brown, who has removed beyond the limits of this State, and has declined to act under the hereinafter mentioned deed of trust, who was trustee in a certain deed of trust from Fannie Abrahams, dated the 9th day of March, 1916, and recorded in the clerk's office of this court, in Deed Book 1, page 402. And this day came also the said Fannie Abrahams, by counsel. On consideration whereof, it appearing to the court that the parties hereto are the only persons interested in the execution of the trust of the aforesaid deed, and that the said J. G. Brown, the sole trustee in said deed, has removed beyond the limits of this State and has declined to act under said deed of trust, and that reasonable notice of this motion has been given to each of the parties hereto, except the plaintiffs, the court doth adjudge, order and decree that the said Chas. T. Morris be, and he is hereby appointed and

substituted as trustee in the said deed of trust hereinbefore mentioned, in the place and stead of the said J. G. Brown, to act thereunder, and in accordance with the terms thereof, and with all the powers, rights and privileges, and liable to all the duties and obligations of trustee as conferred or imposed by said deed of trust."

*Wm. McK. Woodhouse,* for the plaintiff in error.

*Morris & Williams, Smith & Gordon* and *James F. Minor,* for the defendants in error.

SIMS, J., having made the foregoing statement, delivered the following opinion of the court:

The following questions raised by the assignments of error in the case will be passed upon in their order as stated below:

1. Did the Corporation Court of Hopewell have jurisdiction of the subject matter—namely, the proceeding under section 3419 of the Code of Virginia by motion to substitute a trustee in the deed of trust involved in this case, in so far as such jurisdiction is dependent upon the place of recordation of the deed of trust?

The decision of this question depends upon the proper construction of the statute referred to therein.

Section 3419 of the Code of Virginia (Pollard's Code, 1904), so far as material, is as follows:

"When a trustee in a will, deed or other writing * * * removes beyond the limits of this State, or declines to accept the trust, or when, having accepted, he resigns the same, as he may be allowed to do, the circuit court of the county or * * * corporation * * * court of the corporation, in which such will was admitted to probate, or such deed or other writing is, or might have been recorded, may, on motion of any person interested, appoint a trustee or trustees in the place of the trustee named in

such instrument. A motion under this section shall be after reasonable notice to all parties interested in the execution of the trust other than the plaintiff in such motion. *  *"

It will be observed from the language of the statute that if the deed in evidence *was* or *might have been recorded* in the clerk's office of the Corporation Court of the city of Hopewell at the time the proceeding in question was instituted, then, in so far as the place of recordation of the deed affects the question, the Corporation Court of the city of Hopewell had jurisdiction of the subject matter in the instant case.

At the time of the first recordation of the deed, it was properly recorded in the county of Prince George, the city of Hopewell not then being in existence. And it was not *necessary* for the deed to have been recorded in the clerk's office of the Corporation Court of the city of Hopewell, when or after that city was incorporated, in order to give notice thereof to subsequent purchasers and creditors under the registry statute section 2465, Code of Virginia, although the real estate conveyed by the deed was located in the territory included in the boundaries of said city, which was formed out of a portion of Prince George county. There is no controversy before us as to this well settled proposition. But it is contended for appellant that, the deed having been once recorded in Prince George county it was properly and fully recorded under section 2500 of Code of Virginia, and also under said section 2465; that such recordation gave the Circuit Court of Prince George county jurisdiction of the subject matter in question, and that although the deed was recorded in the clerk's office of the city of Hopewell after the formation of that city and before the proceeding in question was instituted, such subsequent recordation of the deed could not take away the jurisdiction aforesaid of the Circuit Court of Prince George county; and, hence, in contemplation of law, the deed was not and could not have been recorded, as it purports to have been, the second time.

It seems to us that the position taken for appellant on the question under consideration is untenable. In taking this position the question of the jurisdiction of the corporation court is approached from the wrong point of time, and also assumes that because it was not *necessary* for the deed to have been recorded in the city of Hopewell, as aforesaid, that it could not have been so recorded as to give notice thereof to subsequent creditors and purchasers under section 2465 aforesaid. No court had any jurisdiction of the subject matter of the instant case until the cause of action thereof arose, which was not until after the city of Hopewell was formed. At that time the deed was in fact recorded in such city as aforesaid. The real estate conveyed by the deed was located in such city, as above stated. Therefore, under section 2465 aforesaid, the latter recordation in itself gave notice of the deed to subsequent purchasers and creditors irrespective of its prior recordation elsewhere. It was the place where its recordation would be least likely to be overlooked in any examination of the title to the real estate conveyed by the deed. Thus possible subsequent litigation growing out of any question of notice of such deed being had by subsequent purchasers and creditors was best likely to be avoided. This motive might have induced the second recordation of the deed, and very properly so, we think.

The position of counsel for appellant on this subject is, in effect, that the registry statutes of Virginia authorize one recordation of a deed and no more, and hence that a second recordation thereof is a nullity and is of no force or effect. The contrary was held in *Stinson* v. *Doolittle*, (C. C.), 50 Fed. 12, 15, construing the effect of the registry statutes of Minnesota, which are similar to those of Virginia.

We know of no rule of law, statutory or otherwise, which prevents the valid subsequent recordation in other counties or cities of a deed once recorded in a given county or city.

The circumstances that the *other* county or city is subsequently formed out of a portion of the county in which the deed was first recorded, and that it is not *necessary* to record the deed a second time in such *other* county or city, are immaterial. The original deed may be recorded in any county or city wherein the property embraced in the deed or any part thereof is located, and it will give the constructive notice provided for by said section 2465. It is only when the original deed has been lost or mislaid that a certified copy thereof has to be used for the recordation thereof in another county or city. Section 2506, Code of Virginia. We are, therefore, of opinion that the deed in question "might have been recorded" in the Corporation Court of the city of Hopewell in contemplation of law, as it was in fact recorded; and that being so recorded at the time the proceeding in the instant case was instituted, the corporation court aforesaid had jurisdiction of the subject matter of the proceeding, in so far as such jurisdiction depends upon the place of recordation of the deed of trust.

2. Was the original trustee in the deed of trust involved in the instant case "interested in the execution of the trust," and so a necessary party to the proceeding to substitute a trustee under the statute, section 3419 aforesaid?

We are not cited to any authority on this question by counsel for appellant, except an editorial in 11 Va. Law Reg. 1035. This editorial cites no authorities, but expresses a decided inclination to the opinion that a trustee in an ordinary deed of trust is not interested in the execution of the trust and need not be made a party to or be given notice of the proceeding to substitute a trustee under the statute.

We have found no authority holding that, under a statute such as ours, the trustee named in a deed of trust of the ordinary form, securing the payment of debts, must be notified in a proceeding to substitute a trustee.

The authorities on this subject referred to by 39 Cyc. 288 and also by 1 Perry on Trusts and Trustees, sec. 282

and note, have been examined and no case has been found which holds that the trustee must be notified in a proceeding to substitute a trustee, except where there is a statute expressly requiring such notice, or where the trustee has undertaken and partly performed the trust.

The rule in chancery of the High Court of Justice of England is that trustees under a will who have not accepted or acted in performance of the trust have no interest in the execution of the trust and need not be notified in a proceeding before the court by parties in interest to have the court appoint substituted trustees. *In re Martin Pye's Tusts,* 42 L. T. Rep. 247; *In re Bignald's Settlement Trusts,* L. Rep. 7 Ch. 223.

In Virginia the form of the statute as contained in the Code of 1873 (chapter 174, section 8), on the subject of the notice to be given in a proceeding by motion to substitute a trustee, was as follows: "Provided that the grantor and grantee in said deed, their heirs or personal representatives, the creditor, surety, or other persons intended to be secured thereby, or their personal representatives, shall have ten days' notice of such motion," etc. Under the statute as it stood in that form, the case of *Hunter* v. *Vaughan,* 24 Gratt. (65 Va.) 400, was decided. The question involved in that case on the subject of notice was, whether a subsequent purchaser of real estate conveyed by a deed of trust or his personal representative should have notice of a proceeding by motion under the statute to substitute a trustee. And it was held that it was not necessary that notice should be given to the subsequent purchaser or his personal representative, "as he was neither a grantor nor grantee nor a surety or other person intended to be secured by the deed." It is true that in that case there were two original trustees named in the deed of trust, one of whom had died and the other had removed from the State, and notice was given to the latter and to the personal representative of the for-

mer. But that was in effect required by the provision of the statute as it then stood providing that notice should be given to the *grantee* in the deed. However, no question as to such notice was involved in or passed upon by the decision in that case.

By the Code of 1887 the provision of the statute under consideration on the subject of notice was changed (section 3419, Code, 1887), into the form it has since retained (section 3419, Pollard's Code, 1904), which (as we have seen from the above quotation from the statute) is as follows: "A motion under this section shall be after reasonable notice to all parties interested in the execution of the trust other than the plaintiff in such motion." Under the statute in the latter form, which governs the instant case, the question is, was the original trustee named in the deed of trust in evidence "interested in the execution of the trust?"

It appears from the statement of facts, above set forth, that the original trustee in the instant case, at no time undertook the trust, or was obligated to do so, or performed any act thereunder. The deed of trust is in the ordinary and usual form, securing the payment of certain debts. Under such deed it was not until there was default made in the payment of the debts secured thereby that the trustee could have acted thereunder; nor then until requested to do so as aforesaid. No power to act as trustee was vested in the latter until there was the default aforesaid and he was requested to act. When the default occurred and he was looked for so that request might be made of him to act, he could nowhere be found. Even if he had been then found and the request had been made of him to act, he was in no way obligated to act. He was at liberty to decline to act. Every executory contract to be binding must be mutual in its obligation. Therefore, the trustee had neither earned, nor had he any binding executory contract entitling him to earn, commissions as trustee. It has not been suggested that the trustee could have had any other interest than that

of commissions as trustee in case of sale by him under the trust deed. This being the situation, I am of opinion that the original trustee had no interest in the execution of the trust vested in him at the time of the commencement of the proceeding in the instant case to substitute a trustee in his place and stead. Moreover, by virtue of said section 3419 and also of section 3423 of Code of Virginia (which confer upon the substituted trustee all the powers of the original trustee), it was not necessary for the original trustee to be before the court to enable the legal title to the property embraced in the trust deed to pass.

I am of opinion, therefore, that in the instant case the original trustee was not "interested in the execution of the trust," and hence he was not a necessary party to, and the statute did not require notice to be given him of, the proceeding aforesaid; but a majority of the court are of a different opinion on this point, namely, that the original trustee was interested in the execution of the trust and hence that he was a necessary party to the proceeding, and that the statute did require notice to be given him of the proceeding.

3. Was Mollie Salsbury a necessary party to the proceeding, so that lack of notice to her rendered the order complained of void?

This question must be answered in the affirmative.

The proceeding is a statutory one and the express requirements of the statute must be at least substantially complied with in order that the court may have the jurisdiction of the subject matter conferred by the statute. 7 Rob. Pr., pp. 16-18; *Pitzer* v. *Logan*, 85 Va. 374, 376-7, 7 S. E. 385.

The language of the statute above quoted on the subject under consideration is as follows: "A motion under this section shall be after reasonable notice to all parties interested in the execution of the trust, other than the plaintiff in such motion * * *" This is an express requirement that such notice to *all* the parties so interested shall pre-

cede the motion, and hence the giving of such notice is jurisdictional.

Prior to the change of the statute aforesaid into its present form by the Code of 1887, under the decision in *Hunter* v. *Vaughan, supra,* Mollie Salsbury would not have been a necessary party to the proceeding, and notice thereof to her would not have been required. But under the statute as it has stood since the Code of 1887, as above noted, Mollie Salsbury being interested in the execution of the trust (in like manner as the grantor in the trust deed was interested, to the extent of a half interest in the property embraced in the trust deed), the statute expressly required notice to be given to her of the proceeding as a condition precedent to the jurisdiction of the court. Hence, for lack of such notice the court had no jurisdiction to enter the order complained of, and it is void. Being void for such reason, the order is a nullity, and it is necessarily void, not only as to Mollie Salsbury, but as to all parties. For this reason, the case must be reversed.

Since in a new proceeding to substitute a trustee, if such be had, the evidence may not be the same as in the proceeding before us for review, it is unnecessary for us to pass upon the remaining assignment of error involving the question of whether there was sufficient evidence before the trial judge to support his findings of fact, that the original trustee had removed beyond the limits of the State and had declined to accept the trust and act thereunder.

Therefore, for the reasons stated above, because of lack of notice to Mollie Salsbury and to the original trustee, required by the statute, the order complained of must be set aside and annulled; without prejudice, however, to the institution and prosecution by the appellees of a new proceeding under the statute for the substitution of a trustee in the deed of trust aforesaid, should they be so advised, not in conflict with the views expressed in this opinion.

*Reversed.*